NWOKORO & SCOLA, ESQUIRES
48 Wall Street, 11th Floor
New York, NY 10005
Tel.: (212) 785-1060
Attorneys for plaintiff

--------------------------------X----------------------------

KELVIN GOMEZ,                     :**UNITED STATES DISTRICT COURT**
                                  :**EASTERN DISTRICT OF NEW YORK**
              Plaintiff(s),       :
                                  :   CASE No.:_____
     -against-                    :
                                  :   CIVIL ACTION
                                  :
THE CITY OF NEW YORK, POLICE      :   **COMPLAINT**
OFFICER THOMAS FARLEY, DETECTIVE  :
KIRONDE EBERHADT, and JOHN DOES   :
1-5, the names of the last       :   **PLAINTIFF DEMANDS**
defendants being fictitious, the :   TRIAL BY JURY
true names of the defendants being :
unknown to the plaintiff,        :
                                  :
              Defendant(s).       :
--------------------------------X----------------------------

TAKE NOTICE, the Plaintiff, Kelvin Gomez, hereby appears in this action by his attorneys, Nwokoro & Scola, Esquires, and demands that all papers be served upon them, at the address below, in this matter.


Plaintiff, Kelvin Gomez, by his attorneys, Nwokoro & Scola, Esquires, complaining of the defendants, The City of New York, Police Officer Thomas Farley, Tax #943218, Detective Kironde Eberhardt, Tax #931645, and John Does 1-5, collectively referred to as the Defendants, upon information and belief alleges as follows:


## NATURE OF THE ACTION

1.   This is an action at law to redress the deprivation of

rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985], and further arising under the law and statutes of the State of New York].

## JURISDICTION

2.   The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiff by the Fourteenth Amendment to the Constitution of the United States.  Jurisdiction of this court exists pursuant to 42 USC §1983 and under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

3.   All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiff's federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiff's claims under applicable State and City laws.

4.   As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

## SATISFACTION OF THE PROCEDURAL PREREQUISITES FOR SUIT

5.   All conditions precedent to the filing of this action have been complied with. On October 12, 2015, within ninety days after the false Arrest and other claims alleged in this complaint arose, a sworn written notice of claim, was served upon the defendant City of New York. The plaintiff's claim was assigned the number 2015P1029943 by the City of New York's Comptroller's office.

6.   At least thirty days have elapsed since the service of the abovementioned notice of claim, and adjustment or payment of the claim has been neglected and/or refused.

7.   This action, pursuant to New York State and City Law, has been commenced within one year and ninety days after the happening of the event upon which the claim is based.

## PARTIES

8.   Plaintiff resides in Queens, New York and is a resident of the State of New York.

9.   The actions which form the underlying basis for this case all took place in the County of Queens, within the jurisdiction of the Eastern District of New York.

10.  Defendants Thomas Farley, Kironde Eberhardt, and John Does 1-5 are a police officers for the City of New York acting under color of state law. They are being sued in both their individual and official capacities.

11.  The Defendant, City of New York is a municipality in the State of New York and employs the individually named police officers herein.

3

## **FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

12. On or about May 16, 2013, the plaintiff Kelvin Gomez was sitting in front of the Civil Court building located on Sutphin Boulevard, Jamaica, New York, in Queens County, when suddenly multiple police officers from the New York City Police Department (NYPD), approached him, with guns drawn and pointed at him. The police officers instructed Mr. Gomez to get down and made him lie face down on the floor, then they handcuffed him, put him in a police vehicle and took him to the NYPD's 115th precinct. At no point during this process was Mr. Gomez told why he was being arrested even though he inquired multiple times as to why he was being arrested.

13. At the 115th precinct, Mr. Gomez was placed in a cell and then an interrogation room, and interrogated. Mr. Gomez repeatedly asked the arresting police officer Thomas Farley why he was being arrested but received no answer. Mr. Gomez repeatedly asked to be allowed to speak to a lawyer but again got no response. Mr. Gomez was not given water or allowed to use the bathroom for an unreasonably long period of time. Each time Mr. Gomez asked for water, or asked to use the bathroom, or asked to be allowed to speak to a lawyer, the defendants responded by asking him a question or asking him to shave his face, or asking him to put on a hat. Upon information and belief, the interrogation of the plaintiff was videotaped as is customary for defendants accused of a serious felony such as assault in the first or second degree.

14. Mr. Gomez was detained at the 115th precinct for approximately twenty four hours, during which time he was interrogated and attempts were made by the defendants to

coerce Mr. Gomez into an admission of guilt by means of physical deprivation and psychological pressure. At no time was Mr. Gomez read his so called Miranda right. Although Mr. Gomez repeatedly requested to be allowed to call a lawyer, his requests were ignored.

15. Prior to the arrest of Mr. Gomez, Police Officers Thomas Farley and Kironde Eberhardt took illegal steps and made false claims to facilitate the arrest and prosecution of Mr. Gomez. Officers Farley and Eberhardt claimed in writing that the plaintiff was a known gang member, known to carry a bladed weapon and was armed and dangerous. At the time that these claims were made by the officers, they knew them to be false and unsubstantiated, but they made those claims anyway, in order to arrest the plaintiff.

16. Prior to the arrest of the plaintiff, on March 5, 2013, Officer Thomas Farley and Detective Eberhardt conducted a photo array with assault victim Arthur DeSouza-Ferreira as the witness. During this procedure, the witness was shown a page with head shot photographs of six individuals numbered 1 to 6, Mr. DeSouza-Ferreira indicated that his assailant may have been either photo #4 or photo #5, but that he was undecided between those photographs. Officer Farley refused to accept this and told the witness to think about it some more. Officer Farley then improperly pointed out #2 to the witness and suggested non-verbally to the witness that he should go with #2. The witness then accepted the suggestion of police officer Thomas Farley and pointed out #2. Number 2 on the photo array was the plaintiff Kelvin Gomez.

17. Subsequent to his arrest and detention at the premises of the 115th precinct on May 16, 2013, Mr. Gomez was brought to Central Booking the next day, and then was arraigned in Queens Criminal Court where he was charged with assault.

Following his plea of not guilty, Mr. Gomez was further detained at New York City's Vernon C. Bain Correctional Center (VCBC-The Boat)for four days, until his family raised bail set at $50,000.00 and secured his release from detention.

18    For a period of two and a half years, from May 16, 2013, until July 20, 2015, plaintiff was caused to appear in criminal court multiple times to defend himself and was put in apprehension of loss of liberty and his rights and privileges due to incarceration. Although innocent, Mr. Gomez faced a prison sentence of up to 25 years if convicted and was put under immense pressure to confess to a crime in return for a reduced sentence of imprisonment.

19.   Plaintiff was caused to return to the Court multiple times before the case was dismissed on July 20, 2015.

20.   The decision to arrest the plaintiffs was objectively unreasonable under the circumstances.

21.   That prior to and while plaintiff was being detained, the defendants individually and/or collectively completed arrest paperwork, in which they swore in part, that the plaintiff had committed a crime and/or offense.

22.   The factual claim by the defendant officers was materially false and the defendant officer knew it to be materially false at the time he first made it, and every time thereafter when he repeated it.

23.   That the defendant officers forwarded these false allegations to the Queens County District Attorney ("QCDA") in order to justify the arrests and to persuade the QCDA to commence the plaintiff's criminal prosecution.

24.   That as a direct result of these false allegations by the defendant officer, the plaintiff was criminally charged under Docket Number 2013QN027321.

6

25. At no time prior to or during the above events was there probable cause to arrest the plaintiff, nor was it reasonable for the defendants to believe that probable cause existed.

26. The defendant officers intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct described herein as required.

27. As a direct and proximate result of defendants' actions, plaintiffs suffered and continue to suffer injuries, including but not limited to, emotional distress, nightmares, and unwarranted severe anger bouts some or all of which may be permanent.

28. The false arrest of plaintiffs, plaintiffs wrongful imprisonment because of defendants' knowledge of a lack of any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

29. As a direct and proximate result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the City of New York and the State of New York.

30. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing police officers including defendants in this case, to engage in unlawful conduct.

31. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to

sanction or discipline police officers including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including defendants in this case, to engage in unlawful conduct.

32. That the defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and over the New York City Police Department (NYPD).

33. Defendant New York City had actual or constructive knowledge that there was inadequate supervision over and /or within the NYPD with respect to its members' abuse of their authority, abuse of arrest powers and other blatant violations of the United States Constitution and rules and regulations of the NYPD. Despite ample notice and/or knowledge of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put in place to ensure that NYPD members engaged in police conduct in a lawful and proper manner, inclusive of use of their authority as law enforcement officers with respect to the general public and specifically the plaintiff herein.

34. The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic and institutional misuse and abuse of police authority by its NYPD employees and thereby deliberately and intentionally adopted, condoned and otherwise created through deliberate inaction and negligent supervision and NYPD policy, practice and custom of utilizing illegal and impermissible searches, arrests and detentions, and the manufacturing of evidence, in the

ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond plaintiff's arrest.

35. That all of the acts and omissions by the defendant officers described above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD.

36. The existence of the unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in a long history of civil actions in state and federal courts.

37. In an Order dated November 25, 2009, in <u>Colon v. City of New York, 09 CV 0008 (EDNY)</u>, the court held that:

> *Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department.  Despite numerous inquiries by commissions and strong reported efforts by the present administration—through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department—there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged.*

38. That on more than half of the occasions where the Civilian Complaint Review Board refers substantiated complaints against officers to the NYPD for disciplinary action, the NYPD either simply issues a verbal warning or drops the charges altogether.

39. That the defendant New York City has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk and the inadequate level of supervision would lead to violation of individuals constitutional rights in general, and caused the violation of plaintiff's rights in particular.

40. The actions of all defendants, acting under color of State law, deprived plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in his person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process, and the right to due process.

41. By these actions, defendants have deprived plaintiff of rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

42. This action has been commenced within one year and ninety days after the happening of the event upon which the claim is based.

**AS A FIRST CAUSE OF ACTION: AGAINST EACH DEFENDANT OFFICER FOR FALSE ARREST AND FALSE IMPRISONMENT UNDER 42 U.S.C § 1983/NEW YORK STATE LAW**

43. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through

42 of this complaint as though fully set forth herein.

44. The arrest, detention and imprisonment of plaintiff were without just or probable cause and without any warrant or legal process directing or authorizing the plaintiff's arrest or subsequent detention.

45. As a result of plaintiffs' false arrest and imprisonment, he has been caused to suffer humiliation, great mental and physical anguish, embarrassment and scorn among those who know him, was prevented from attending to his necessary affairs, and has been caused to incur legal expenses, and has been otherwise damaged in his character and reputation.

46. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

47. The defendant officers were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the defendant officers acts as described above.

48. This action falls within one or more of the exceptions of the New York State Civil Practice Law and Rules §1602.

**AS A SECOND CAUSE OF ACTION: AGAINST EACH DEFENDANT OFFICER FOR MALICIOUS PROSECUTION UNDER 42 U.S.C§ 1983/NEW YORK STATE LAW**

49. By this reference, plaintiffs incorporates each and every allegation and averment set forth in paragraphs 1 through 48 of this complaint as though fully set forth herein.

50. The commencement and continued prosecution of the criminal judicial proceeding against plaintiff, including the arrest, the imprisonment, and the charges against plaintiff were committed by or at the insistence of the defendant police officers without probable cause or legal

justification, and with malice.

51. That officer Farley was directly involved in the initiation of criminal proceedings against the plaintiff.

52. That the defendant officers lacked probable cause to initiate criminal proceedings against the plaintiff.

53. That the defendant officers acted with malice in initiating criminal proceedings against the plaintiff.

54. That defendant officers were directly involved in the continuation of criminal proceedings against the plaintiff.

55. That the defendant officers lacked probable cause in continuing criminal proceedings against the plaintiff.

56. That the defendant officers acted with malice in continuing criminal proceedings against the plaintiff.

57. That the defendant officers misrepresented and falsified evidence throughout all phases of the criminal proceeding.

58. That the defendant officers misrepresented and falsified evidence to the prosecutors in the Queens County District Attorney's office.

59. That the defendant officers withheld exculpatory evidence from the prosecutors in the Queens County District Attorney's office.

60. That the defendant officers did not make a complete statement of facts to the prosecutors in the Queens County District Attorney's office.

61. The criminal judicial proceeding initiated against plaintiffs was dismissed on July 20, 2015, and terminated in the plaintiff's favor.

62. The arrest, imprisonment and prosecution of the plaintiff was malicious and unlawful, because plaintiff had committed no crime and there was no probable cause to believe that plaintiffs had committed any crimes.

63. The defendant officers actions were intentional,

unwarranted and in violation of the law. The defendant officers had full knowledge that the charges made before the Court against the plaintiffs were false and untrue.

64. As a consequence of the malicious prosecution by the defendant officers, plaintiffs suffered a significant loss of liberty, humiliation, mental anguish, depression, and his constitutional rights were violated. Plaintiff hereby demands compensatory damages and punitive damages, in the amount of to be determined at trial, against defendant officers, individually and severally.

65. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiffs sustained the damages herein before stated.


## AS A THIRD CAUSE OF ACTION: AGAINST EACH DEFENDANT OFFICER: UNLAWFUL SEARCH UNDER 42 U.S.C § 1983

66. By this reference, the plaintiffs incorporates each and every allegation and averment set forth in paragraphs 1 through 65 of this complaint as though fully set forth herein.

67. Following the plaintiff's arrest, the defendant officerS searched and/or strip-searched and/or caused the plaintiff and/or his property to be searched and/or strip-searched, without any individualized reasonable suspicion that he was concealing weapons or contraband.

68. As a result of the foregoing, the plaintiffs were subjected to an illegal and improper search and/or strip-search.

69. The foregoing unlawful search violated the plaintiffs' constitutional right to privacy, as guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

70. As a consequence of the defendant officers' individual and/or collective actions as set forth above, the plaintiff suffered a significant loss of liberty, humiliation, mental anguish, depression, and his constitutional rights were violated. Plaintiffs hereby demands compensatory damages and punitive damages in an amount to be determined at trial, against the defendant officers, individually and severally.

**AS A FOURTH CAUSE OF ACTION: AGAINST EACH DEFENDANT OFFICER: DENIAL OF A CONSTITUTIONAL RIGHT TO A FAIR TRIAL UNDER 42 U.S.C § 1983 DUE TO THE FABRICATION/FALSIFICATION OF EVIDENCE**

71. By this reference, plaintiffs incorporates each and every allegation and averment set forth in paragraphs 1 through 70 of this complaint as though fully set forth herein.

72. Each defendant officer created false evidence against the plaintiff.

73. Each defendant officer forwarded false evidence and false information to the prosecutors in the Queens County District Attorney's office.

74. Each defendant officer was directly involved in the initiation of criminal proceedings against the plaintiff.

75. Each defendant officer lacked probable cause to initiate criminal proceedings against the plaintiff.

76. Each defendant officer acted with malice in initiating criminal proceedings against the plaintiff.

77. Each defendant officer was directly involved in the continuation of criminal proceedings against the plaintiffs.

78. Each defendant officer lacked probable cause in continuing criminal proceedings against the plaintiffs.

79. Each defendant officer acted with malice in continuing

criminal proceedings against the plaintiff.

80. Each defendant officer misrepresented and falsified evidence throughout all phases of the criminal proceeding.

81. Each defendant officer misrepresented and falsified evidence to the prosecutors in the Queens County District Attorney's office.

82. Each defendant officer withheld exculpatory evidence from the prosecutors in the Queens County District Attorney's office.

83. Each defendant officer did not make a complete statement of facts to the prosecutors in the Queens County District Attorney's office.

84. By creating false evidence against the plaintiff; forwarding false evidence and information to the prosecutors; and by providing false and misleading testimony throughout the criminal proceedings, the defendant officers violated the plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

85. As a consequence of the defendant officers' actions, the plaintiff suffered loss of liberty, humiliation, mental anguish, depression, loss of wages from work, and his constitutional rights were violated. Plaintiff hereby demands compensatory damages and punitive damages in an amount to be determined at trial, against each defendant officer, individually and severally.

**AS A FIFTH CAUSE OF ACTION: AGAINST EACH DEFENDANT OFFICER: FAILURE TO INTERVENE UNDER 42 U.S.C § 1983**

86. By this reference, the plaintiffs incorporates each and every allegation and averment set forth in paragraphs 1

through 85 of this complaint as though fully set forth herein.

87. Each defendant officer had an affirmative duty to intervene on the plaintiff's behalf to prevent the violation to his constitutional rights, as more fully set forth above.

88. Each defendant officer failed to intervene on the plaintiff's behalf to prevent the violation of his constitutional rights, despite having had a realistic and reasonable opportunity to do so. As a consequence of the defendant officer's individual and/or collective actions, the plaintiff suffered loss of liberty, humiliation, mental anguish, depression, loss of wages from work, serious personal injuries, and his constitutional rights were violated. Plaintiff hereby demands compensatory damages and punitive damages, in an amount to be determined at trial, against the defendant officers, individually and severally.

## AS A SIXTH CAUSE OF ACTION AGAINST ALL DEFENDANTS: FALSE ARREST, FALSE IMPRISONMENT, MALICIOUS PROSECUTION, EXCESSIVE FORCE ANDUNLAWFUL SEARCH PURSUANT TO ARTICLE 1, SECTION 12, OF THE NEWYORK STATE CONSTITUTION

89. By this reference, the plaintiffs incorporates each and every allegation and averment set forth in paragraphs 1 through 88 of this complaint as though fully set forth herein.

90. The above-described respective assault, battery, excessive force, false arrest, unlawful search, false imprisonment, detention and malicious prosecution of the plaintiff were without just or probable cause and without any warrant or legal process directing or authorizing the plaintiff's arrest, summary punishment, and subsequent detention.

91. As a result of the above-described assault, battery, false arrest, unlawful search, false imprisonment, detention and prosecution, the plaintiff was caused to suffer loss of liberty, serious personal injuries, humiliation, great mental and physical anguish, embarrassment and scorn among those who know him; was prevented from attending to his necessary affairs, and has been otherwise damaged in his character and reputation.

92. Consequently, the plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against the defendant officers, individually and severally.

93. The defendant officerS were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the defendant officer's acts as described above.

## AS A SEVENTH CAUSE OF ACTION AGAINST THE DEFENDANT CITY OF NEW YORK: MUNICIPAL LIABILITY UNDER 42 U.S.C § 1983

94. By this reference, plaintiffs incorporates each and every allegation and averment set forth in paragraphs 1 through 93 of this complaint as though fully set forth herein.

95. The defendant officers arrested and incarcerated the plaintiff in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize the plaintiff's liberty, well-being, safety and constitutional rights.

96. The acts complained of were carried out by the individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

97. The defendant officers acted under color of law, in their official capacity, and their acts were performed pursuant to the customs, policies, usages, practices, procedures and rules of the City of New York and its police department.

98. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and its police department include, but are not limited to the following unconstitutional practices:

a. Wrongfully arresting individuals on the pretext that they are engaged in illegal or criminal conduct;

b. manufacturing evidence against individuals allegedly involved in illegal or criminal conduct;

c. unlawfully searching detainees and/or their property in the absence of any reasonable suspicion that said individuals were concealing weapons or contraband;

d. arresting innocent persons in order to meet "productivity" goals (i.e. arrest quotas); and

e. wrongfully and unreasonably brutalizing innocent members of the public, despite the lack of probable cause to do so.

99. The aforesaid event was not an isolated incident. The City and its police commissioner has been aware for some time, from lawsuits, notices of claim, complaints filed with the Civilian Complaint Review Board, and judicial rulings suppressing evidence and finding officers incredible as a matter of law, that a disturbing number of their police officers unlawfully search and seize citizens, bring charges against citizens with no legal basis, perjure themselves in charging instruments and testimony, and fail to intervene in and report the obviously illegal actions of their fellow officers. Nevertheless, the City and its police commissioner have allowed policies and practices that allow the aforementioned to persist.

100. For example, the well documented failures of the Civilian Complaint Review Board ("the CCRB"), a City agency, to substantiate obviously meritorious citizen complaints have gone uncorrected. The CCRB regularly finds complainants lack credibility based on the fact that such complainants have also brought lawsuits to remedy the wrongs they have experienced, a practice that often results in not substantiating the most serious charges brought to them. In addition, the CCRB virtually never initiates their own findings of false statements against officers who have made false statements to the CCRB in their own defense, nor do they initiate findings that officers have failed to report their fellow officers' misconduct; thus, officers have no real incentive to come forward, or to testify truthfully at the CCRB. The CCRB has no enforcement mechanisms once making a finding against an officer; it can only make recommendations to the NYPD, once finding misconduct by an officer.

101. The NYPD, once receiving a substantiated complaint by the CCRB, fails to adequately discipline officers for misconduct. The NYPD Department Advocate, which is endowed with the responsibility of following up on substantiated CCRB charges, is understaffed and under-utilized. Furthermore, in the extraordinarily rare event, such as the matter at bar, that the CCRB substantiates a complaint and the Department Advocate proves the case in an internal trial against an officer, the police commissioner still maintains the power to reduce the discipline against such an officer, which has been done on many occasions.

102. Further, the City and its police commissioner have no procedure to notify individual officers or their supervisors of unfavorable judicial review of their

conduct. Without this notification, improper search and seizure practices and incredible testimony go uncorrected.

103. Additionally, according to a report of the New York City Bar Association issued in 2000, the City has isolated their law department from the discipline of police officers, so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions. Alan Hevesi, as New York City Comptroller, in 1999 reported that there was a "a total disconnect" between the settlements of even substantial civil claims and police department action against officers.

104. The existence of the aforesaid unconstitutional customs and policies may also be inferred from the admission by Deputy Commissioner Paul J. Browne, as reported by the media on January 20, 2006, that commanders are permitted to set "productivity goals".

105. Furthermore, the existence of the aforesaid unconstitutional customs and policies may also be inferred from the ruling (Docket entry 32) of the Court (Eastern District of New York), in the case(s) of Jose Colon v. City of New York, et al (09-cv-8) and Maximo Colon v. City of New York, et al (09-cv-9), wherein the Court stated, *inter alia*, that "*Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting officers of the New York City Police Department*", and that "*there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving the illegal conduct of the kind now charged*".

106. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York, constituted a deliberate indifference to the safety, well-being and constitutional rights of all defendants, including but not limited to the plaintiff; were the proximate cause of, and moving force behind, the constitutional violations suffered by the plaintiff as alleged herein, and deprived plaintiff of the following rights, privileges and immunities secured to him by the Constitution of the United States:

(a) The right of the plaintiff to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States.

(b) The right of the plaintiff not to be deprived of life, liberty, or property without due process of law, and the right to the equal protection of the laws, secured to him by the Fifth and Fourteenth Amendments to the Constitution of the United States.

(c) The right to be free from unreasonable detention and/or continued detention without probable cause in that the plaintiff was detained.

(d) The right to be free from the use of excessive force.

107. As a result of the actions of the defendants, the plaintiff was deprived of his rights, privileges, and immunities secured by the United States Constitution, in particular, the Fourth, Fifth, and Fourteenth Amendments, in contravention of 42 USC §1983 and the laws of New York State, and New York City without just or legal cause when defendant City, by its employees and/or agents unlawfully arrested and imprisoned the plaintiff thereby depriving him of his liberty without due process of law.

108. The defendant officers were the actual agents of the defendant City of New York and were following the customs, practices, ordinances and/or regulations of the City of New York when they violated the plaintiff's constitutional and civil rights, and the City of New York is therefore responsible for their acts, and liable to the plaintiff for the damages he suffered.

109. The actual principal/agent relationship between defendant City and the defendant officers was created by the fact they were employees of defendant City, and the City had the right to, and it did indeed regulate and control the activities and conduct of the defendant officers.

110. The defendant officers actions were vicious, wicked, cold-hearted, intentional, malicious, unwarranted and in violation of the law. The individual defendants had full knowledge that the charges made before the Court against the plaintiff were false and untrue.

**WHEREFORE,** plaintiff respectfully requests judgment against the Defendants as follows:

1. For compensatory damages against all defendants in an amount to be proven at trial;

2. For exemplary and punitive damages against all defendants in an amount to be proven at trial;

3. For costs of suit herein, including plaintiff's reasonable attorney's fees; and;

4. For such other and further relief as the court deems proper.

Dated: March 15 , 2016,
       New York, New York


_____
Chukwuemeka Nwokoro, Esq.
Nwokoro & Scola, Esquires
Attorney for Plaintiff
48 Wall Street, 11th Floor
New York, New York 10005
Tel. (212) 785-1060